Moncure, P„
delivered the opinion of the court.
After stating the case he proceeded:
The only question presented by the case to this court for decision is: Did the circuit court erf in rendering judgment for interest on the said principal sum at the rate of 12 per cent, per annum from the date of said bill till payment; instead of interest thereon at that rate from said date till the maturity of said bill, and at the rate of 6 per cent, per an-num from such maturity until payment?
It is admitted by the obligors that they are bound to pay interest as well after as before the maturity of the bill, and until payment; but they contend that the rate at which they are liable, after the maturity *342 of the bill, is not the contract rate of 12 per centum per annum, but the general rate prescribed by law of 6 per centum per an-num. They admit that if the contract had expressly stipulated for the payment of interest at the rate of 12 per centum per an-num, until payment, it would have been recoverable *accordingljr, because they admit, very properly, that such a contract would, at the date of said bill, have been lawful. But they contend, that while the contract is express for the payment of interest at the rate of 12 per cent, per an-num fruin the date to the maturity of the bill, it is neither express nor implied for the payment of interest at that rate after such maturity; and, therefore, the general rate prescribed by law, of 6 per centum per an-num, then applies to the case. Let us now inquire whether this view of the law be correct or not.
There has yet been no express decision of the question by this court. But principles have recently been decided by this court in regard to the subject of interest which go very far towards the decision of the question, and seem to lead to that as a legitimate result. Roberts’ adm’r v. Cocke, &c.; Murphy v. Gaskin’s adm’r, 28 Gratt. 207; Cecil v. Barrett, &c.; Linkous, assignee, v. Shafer; Garnand v. Childress; Kent’s adm’r v. Kent’s adm’r, recently decided, but not yet reported; except that the first two of the said cases have been reported in the Virginia Law Journal for March, 1877, pp. 168-178. See also Chapman’s adm’rs v. Shepherd’s adm’r, &c., 24 Gratt. 377, and Crenshaw v. Seigfried, Id. 272, referred to in the opinion of the court in the said first two cases above cited.
In that opinion, which was delivered by Judge Burks, it was declared, that “in contracts for the payment of a certain sum of money, interest on the principal sum is a legal incident of the debt, and the right to it is founded on the presumed intention of the parties;” and that “wherever there is a contract, express or implied, for the payment of legal interest, the obligation of the contract extends, as well to the payment of the interest as it does to the payment of the principal sum, and neither the courts nor the juries ever had the arbitrary power to dispense *with the performance of such contract, either-in whole-or in part.”
This declaration thus made in the two cases was afterwards reaffirmed in the other unreported cases above referred to. and may now be considered as the settled law of the land.
Interest, then, being an incident of a debt due by contract in the absence of a stipulation in the contract to the contrary, is as much a part of the debt as the principal itself; and the only question is, at what rate is the interest, after the maturity of the debt, to be computed in this case, at the rate of 12 per cent, per annum, at which the loan was expressly made for six months, or at the rate of 6 per centum per annum, the general sate of interest prescribed by law for cases in which there is no legal contract to the contrary.
At the date of the contract in this case, to-wit: the 18th of October, 1871, the provision of the new constitution was in force, which declared that, “upon debts hereafter contracted, it shall be lawful to receive any rate of interest, not exceeding 12 per centum per annum, which may be agreed upon by the parties and be specified in the bond, note or other writing evidencing the debt. When there is no such agreement, the rate of interest shall be 6 per centum per annum for the use and forbearance of every hundred dollars.” Const, art. X, sec. 22.
This provision of the constitution has been since abolished, but of course its abolition can have no effect upon a contract made under and in pursuance of it.
Now'which rate of interest must we consider as an incident of the debt and as part oí the contract in this case after the maturity of the debt; 12 per centum per annum, the rate expressed in the contract, at least as to the period between the date and the maturity of the *debt; or 6 per centum per annum, the rate prescribed by law, in the absence of an agreement for another and legal rate?
We are of opinion that interest at the rate of 12 per centum per annum, the rate expressed in the contract, must be considered as an-incident of the debt and as part of the contract in this case, as well after the maturity of the debt as before such maturity; and not interest at the rate of 6 per centum per annum only.
It was as competent for these parties to agree upon 12 as upon 6 per centum per an-num, as the rate of interest upon the debt until its payment; and we are of opinion that they did agree upon 12 and not upon 6 per centum per annum as the rate in this case. We think their contract ought to be construed precisely as if the words “till paid” had been inserted therein after the words “from date,” and that such was their obvious meaning.
They no doubt omitted the words “till paid,” because they considered it only necessary to agree on some legal rate of interest and the date from which it should commence, believing that it would, of course, continue to run until payment. They never could have intended that if default were made by the debtor in the payment of the debt at maturity, he should thereafter pay interest at only one-half of the rate he had agreed to pay for the period during which he had a right under the contract to withhold the principal. As it-would have been perfectly lawful for the parties to have expressed the words “till paid” in their contract, if they had considered it necessary to have done so, to make their meaning plain to that effect, and as it is perfectly certain that they would have done so, if they had anticipated any default in payment, or any doubt or difficulty in regard to the liability of the debt- or for the contract rate of interest till payment in case of such default; can there be any *doubt that such was the mean *343 ing, it not the very words of the contract? The use of money is a valuable consideration. In the absence of legislation on the subject, the parties to a loan might fix the rate of interest at their pleasure. The general rate has been fixed by the legislation at 6 per centum per annum; at the date of the contract in question, the parties were authorized to agree upon a rate not exceeding 12 per centum per annum. In this case they agreed on that rate; no doubt because the money, at that time and tinder the circumstances which then existed, was considered to be worth interest at that rate, both to the lender and the borrower; and they stipulated accordingly, agreeing and expecting, no doubt, that, at the end of six months, the principal and interest would be paid by the borrower to the lender, to be used by the latter as might be most to his interest. The borrower made default and withheld both principal and interest after they became payable. There is no evidence of the extent of the loss on the side of the lender, or gain on the side of the borrower, which has resulted from this default. Is it right to let the borrower, who could not obtain Ihe money for six months, at a less rate than 12 per cent, per annum, have it for an indefinite period thereafter at half that rate against the will of the lender? Would one man in a hundred have supposed that this default in paying his debt at maturity would entitle him to withhold the principal indefinitely thereafler at one-half of the contract rate of interest for the agreed period of the loan? Would not every man expect that in case of default he would be liable for the same rate of interest as long as he continued in default? And must we not consider that to have been the agreement and understanding of the parties in such an event?
A great many cases have been cited by the counsel of both sides, in their printed arguments in this case. They *are conflicting; and it may be doubtful on which side is the preponderance in numbers. But we consider it unnecessary to review them in detail, or even to repeat the citations here. We have examined all or most of them which were accessible to us, and they have not affected the views to which we have been brought by an examination and consideration of our own constitution and statutes, and decisions on the subject
Upon the whole, we are of opinion that there is no error in the judgment, and that it ought to be affirmed.
Judgment affirmed.